# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 20-2814 FMO (JCx) | Date | April 14, 2020 |
|---|---|---|---|

| Title | Mahri Monfared v. FCA US LLC, et al. |
|---|---|

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):
None Present  None Present

**Proceedings:** (In Chambers) Order Remanding Action

On February 18, 2020, Mahri Monfared ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against FCA US, LLC ("FCA") and Santa Monica Chrysler Jeep Dodge Ram ("Santa Monica Chrysler") (collectively, "defendants"), (see Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-2, Complaint at ¶¶ 1-5), asserting state-law claims relating to his purchase of a vehicle. (See Dkt. 1-2, Complaint at ¶¶ 7-37). With respect to Santa Monica Chrysler, plaintiff asserts a negligent repair claim. (See id. at ¶¶ 33-37). On March 26, 2020, FCA removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶¶ 11-32). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | JS - 6 |
|---|---|---|---|
| Case No. | CV 20-2814 FMO (JCx) | Date | April 14, 2020 |
| Title | Mahri Monfared v. FCA US LLC, et al. | | |

matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction. Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (See Dkt. 1, NOR at ¶¶ 26-27). FCA is not a citizen of California. (See id. at ¶ 28). Santa Monica Chrysler, however, appears to be a citizen of California. (See id. at ¶ 30). FCA asserts that Santa Monica Chrysler is a sham defendant who was fraudulently joined, and that therefore its citizenship should be disregarded for purposes of diversity jurisdiction. (See id. at ¶¶ 30-32).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Comput. Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944) (footnote omitted); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　JS - 6

| Case No. | CV 20-2814 FMO (JCx) | Date | April 14, 2020 |
|---|---|---|---|
| Title | Mahri Monfared v. FCA US LLC, et al. | | |

the plaintiff's favor, the plaintiff <u>could</u> <u>not</u> <u>possibly</u> <u>recover</u> against the party whose joinder is questioned.") (emphasis in original); <u>Vasquez v. Bank of Am., N.A.</u>, 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." <u>Grancare, LLC v. Thrower</u>, 889 F.3d 543, 548 (9th Cir. 2018) (internal quotation marks omitted).

The court finds that FCA has failed to meet its "heavy burden" of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Santa Monica Chrysler. FCA contends that Santa Monica Chrysler is a sham defendant because it "believes Plaintiff has no intention of prosecuting [the negligent repair] claim against Santa Monica [Chrysler]" and that plaintiff's' claim against regarding Santa Monica Chrysler includes only "bare-boned, non-specific allegations." (<u>See</u> Dkt. 1, NOR at ¶ 31). As an initial matter, FCA's speculation regarding plaintiff's intent is irrelevant. The court, moreover, notes that FCA has failed to identify how plaintiff's claims against Santa Monica Chrysler are deficient. (<u>See</u>, <u>generally</u>, <u>id.</u> at ¶¶ 31-32). In any event, it is not enough to establish that plaintiff has failed to state a claim against Santa Monica Chrysler. In other words, because there exists the possibility that plaintiff could salvage his negligent repair claim through amendment (<u>e.g.</u>, by pleading more facts to support his claim), the court is unable to conclude that Santa Monica Chrysler is a sham defendant. See <u>Chau-Barlow v. Provident Life & Accident Ins. Co.</u>, 2016 WL 5921061, *2 (C.D. Cal. 2016) ("In order for this Court to find that [certain defendants] are sham defendants, it would have to determine, in essence, that as a matter of law a state court would sustain a demurrer as to all causes of action without leave to amend."); <u>Padilla v. AT & T Corp.</u>, 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [an alleged sham defendant], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [that sham defendant.]").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, <u>see</u> <u>Gaus</u>, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that FCA has met its burden of showing that Santa Monica Chrysler was fraudulently joined. Because Santa Monica Chrysler appears to be a citizen of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

<h3 style="text-align:center"><u>CONCLUSION</u></h3>

Based on the foregoing, IT IS ORDERED that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 20-2814 FMO (JCx) | Date | April 14, 2020 |
|---|---|---|---|
| Title | Mahri Monfared v. FCA US LLC, et al. | | |

JS - 6

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. All pending motions are denied as moot.

00 : 00

Initials of Preparer    vdr